LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818)478-2822
Email: Ldell@Louisdell.com

Attorney for Plaintiff,
BRENDA DICKSON

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA DICKSON,<br>           Plaintiff,<br><br>vs.<br><br><br>CENTURY PARK EAST<br>HOMEOWNERS ASSOCIATION,<br>SWEDELSON & GOTTLIEB,<br>BRIAN MORENO,<br>and DOES 1-10,<br>           Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES and<br>DEMAND FOR JURY TRIAL |

Plaintiff, BRENDA DICKSON, by her attorney, states as follows:

## INTRODUCTION

1.     This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq*.] and the California Rosenthal Fair Debt Collection Practices Act

- 1 –

("Rosenthal Act") [Cal. Civ. Code § 1788, *et seq.*] each of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." (15 U.S.C. 1692(e)) Non-compliance will subject the debt collector to civil liability. 15 U.S.C. § 1692k.

3. The California Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. (Cal. Civ. Code § 1788.1(a)(i).) The Legislature found that unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Non-compliance will subject the debt collector to civil liability. (Cal. Civ. Code § 1788.30)

4. These Acts are manifestly remedial measures, intended for the protection of the consumer and they should be given a construction calculated to bring its benefits into action. This is also an action for the tort of fraud.

## JURISDICTION

5. This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. § 1692k(d), and supplemental jurisdiction over any state law claims asserted herein.

## PARTIES

6. Plaintiff BRENDA DICKSON ("Dickson") is a natural person, and resides in the State of California, County of Los Angeles. Plaintiff is an owner/resident of a condominium located at 2170 Century Park East, Los Angeles, CA 90067. The

residence and its use are subject to the regulations set forth in the Bylaws and in the Declaration of Covenants of the Century Park East Homeowners Association.

7. Defendant CENTURY PARK EAST HOMEOWNERS ASSOCIATION ("CPEHA") on information and belief, is a California nonprofit homeowners association. The defendant enforces the regulations set forth in its Bylaws and in the Declaration of Covenants which apply to the plaintiff's residence and its use.

8. Defendant CPEHA engaged in collection of debt(s) allegedly owed to it by the plaintiff, including, but not limited to, homeowner association dues ("HOA dues"), interest, late penalties, attorney fees, other expenses, and engaged or threatened non-judicial foreclosure.

9. Defendant, SWEDELSON & GOTTLIEB, on information and belief, is a debt collection law firm. The headquarters of this defendant is 11900 West Olympic Boulevard, Suite 700, Los Angeles, CA 90064.

10. Defendant SWEDELSON & GOTTLIEB advertises its services on its website including the collection of homeowner assessments through one of its affiliates owned by the principles of Swedelson & Gottlieb. It's website goes on to state that its "litigation team will evaluate the owner and determine if there are assets, file the assessment collection lawsuit and prosecute that lawsuit to judgment for the delinquent assessments, late fees, interest, as well as the collection and attorney's fees and costs. And our team will make every effort to collect on that judgment, including writs of execution and the recording of abstracts of judgment."

11. Defendant BRIAN MORENO is an attorney, licensed by the State of California. This defendant is advertised on Swedelson & Gottlieb's website as a "Senior Associate." Defendant regularly collects consumer debt, including debts owed to homeowners associations.

12. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 - 10, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to plaintiff as hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

13. Each of the defendants are persons who use instrumentalities of interstate commerce or the mails for the principal purpose of collecting debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. This also includes taking or threatening to take any nonjudicial action to effect dispossession or disablement of property. These persons are debt collectors under FDCPA. (15 U.S.C. § 1692a(6)) & § 1692f(6)).

14. Each of the defendants, in the ordinary course of business, regularly, on behalf of himself or herself or others, engage in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection. These defendants are debt collectors under the Rosenthal Act (Cal. Civ. Code § 1788.2(c).

15. Plaintiff is informed and believes and thereupon allege that each defendant is an agent or principal of each other defendant, that all acts were done at the instance and/or behest of each other defendant, and that all acts complained of were ratified by each other defendant.

16. For the purpose of this lawsuit, unless otherwise indicated, "defendant" includes all agents, employees, officers, members, directors, heirs,

- 4 –

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

17. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to the plaintiff's counsel, which the plaintiff alleges on personal knowledge.

## FACTUAL ALLEGATIONS

### Davis-Stirling Act

18. The Davis–Stirling Act (Cal. Civ. Code §§ 4000-6150) by its own terms applies to all common interest developments such as the one managed and governed by Defendant CPEHA.

19. The most fundamental and important purpose of the Act is to protect homeowners by laying out conditions of when, if ever, a homeowners' association should have the right to force the sale of a member's home when the home owner falls behind on paying overdue assessments or dues. (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 137 (2005–2006 Reg. Sess.) as amended Apr. 5, 2005, pp. 1–2)

20. The Act authorizes condominium homeowners associations to levy assessments, (Cal. Civ. Code § 5600) and also sets forth procedures for collecting delinquent assessments (Cal. Civ. Code § 5650), and for the placing of a lien on the owner's interest in the condominium to secure delinquent assessments (Cal. Civ. Code § 5675).

21. At least 30 days before an association records a lien on a unit to collect a debt that is past due, "the association shall notify the owner of record in writing by certified mail" via a pre-lien letter. (Civ. Code § 5660)

22. A pre-lien letter is required to advise the homeowner that the property may be sold without court action. (Civ. Code § 5660)

23. For liens recorded on or after January 1, 2006, the decision to record a lien for delinquent assessments shall be made only by the board and may not be delegated to an agent of the association. The board shall approve the decision by a majority vote of the directors in an open meeting. The board shall record the vote in the minutes of that meeting. (Cal. Civ. Code § 5675)

24. A copy of the recorded notice of delinquent assessment shall be mailed by certified mail to every person whose name is shown as an owner of the separate interest in the association's records, and the notice shall be mailed no later than 10 calendar days after recordation. (Cal. Civ. Code § 5675)

25. A homeowners association may record a lien for less than $1,800 but may not foreclose until the amount of delinquent assessments exceeds that amount (or the assessments secured by the lien become more than twelve months delinquent). (Cal. Civil Code § 5720(b)(2))

26. These requirements are interpreted by both state and federal courts to be strictly construed. *Diamond v. Superior Court*, 217 Cal. App. 4th 1172, 1189 (2013) (substantial compliance is insufficient); *In re Basave De Guillen*, 604 B.R. 826, 833 (B.A.P. 9th Cir. 2019)

**Pre-Lien Letter**

27. On or about February 3, 2020, the defendants caused a pre-lien letter to be sent to an Arizona law firm, Thompson Consumer Law Group, who was representing the plaintiff in federal lawsuit against Associated Lien Services to recover damages arising from a 2019 debt collection letter which allegedly failed to disclose the rights to obtain verification of a $2,053.66 debt payable to Associated Lien Services.

28. The debt covered in the defendant's pre-lien letter was for $13,500.95 for HOA assessments, interest, penalties, attorney fees, costs payable to Swedelson & Gottlieb, and owing as of February 3, 2020.

29. On February 7, 2020, the Thompson Consumer Law Group emailed an alert to the defendants that it did not represent Dickson with respect to the alleged debt outlined in the pre-lien letter and that it was not authorized to accept communications with respect to the debt on her behalf. The law firm explained that its representation was strictly limited to the plaintiff's lawsuit against Associated Lien Services.

30. The email alert went on to state that "any communications with respect to the alleged debt should be sent to Ms. Dickson directly."

31. The Thompson Consumer Law Group never notified the defendants in writing the Dickson was represented by such law firm with respect to the debt.

32. The defendants never sent the pre-lien letter via certified mail to the plaintiff. Alternatively, if the pre-lien letter was served in compliance Cal. Civ. Code § 5675, then it was an initial communication, seeking to recover personally against the plaintiff delinquent assessments, late fees, interest, attorney's fees and collections costs in the amount of $13,500.96.

33. The pre-lien letter attached and incorporated by reference Defendant CPEHA's "Collection Policy" setting forth the collection and lien enforcement procedures to be taken against the plaintiff if the debt was not paid.

34. The CPEHA's Collection Policy states:

> Enforcement: The amount owed may be collected by any means permitted by law, *which might include without limitation a civil action in small claims court*, judicial foreclosure, and/or no judicial foreclosure,

- 7 –

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

depending on the among owed and the duration of the delinquency. (See the attached Notice of Assessments and Foreclosure.) Nothing in this collection policy limits the Association's right to proceed in any lawful manner to collect any delinquent sums owed to the Association.

35. The pre-lien letter warned that the property may be sold without court action, i.e., non-judicial foreclosure.

### Recorded Lien

36. On March 12, 2020, the defendants caused to be sent to the plaintiff a pre-lien letter which sought to recover delinquent assessments, late fees, interest, attorney's fees and collections costs in the amount of $13,500.96.

37. The defendants recorded the lien without serving the pre-lien letter on the plaintiff and/or in a manner required by Stirling-Davis Act. This created an unenforceable security interest and/or made the property exempt by law from such threatened dispossession.

### Initial Communication to Plaintiff

38. The Fair Debt Collection Practices Act requires that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing disclosures of the right to verify the debt. (15 U.S.C. § 1692g)

39. These disclosures must include:
   a. the amount of the debt;

  b. the name of the creditor to whom the debt is owed;

  c. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  d. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  e. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. If the consumer disputes the debt in writing within the thirty-day period the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. (15 U.S.C. § 1692g)

41. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. (15 U.S.C. § 1692g)

42. On March 19, 2020, the defendants sent the plaintiff a "Notice of Recording of Lien." This letter constituted the initial communication by the

defendants to the plaintiff concerning the debt and which indicated the defendants were attempting to collect a debt.

43. This was the first time the plaintiff became aware that the defendants were attempting to collect the debt.

44. However, the letter failed to state the amount of the debt which left the plaintiff without any way to dispute it or even know whether it could be disputed.

**Unreasonable Collection Fees**

45. Each of the debts sought to be collected was subject to the California Davis-Stirling Act which provides that a homeowner's association shall not impose or collect an assessment or charge that is unreasonable or exceeds the amount necessary to defray the costs for which it is levied. (Cal. Civ. Code § 5650)

46. Each of the defendants attempted to, and did, impose and collect:
   a. Amounts not owed;
   b. Unreasonable amounts;
   c. Amounts which exceeded what was necessary to defray the costs for which it was levied;
   d. Flat fees and/or liquidated damages which did not reflect actual debt collection costs and expenses actually incurred by CPEHA.

47. The agreement, if any, between CPEHA and the other defendants was at "no cost", i.e., it did not provide that the homeowner's association would be ultimately responsible for the charges. Alternatively, if the agreement did make CPEHA ultimately responsible for the charges, it was not enforced and was in "name only" for the purpose of avoiding Davis-Stirling's prohibition against charges which exceed the association's costs. (Cal. Civ.

Code § 5650) Either way, CPEHA did not pay the other defendants for any services rendered as to the collection of the plaintiff's debt.

**FDCPA Violations**

48. The foregoing acts and omissions constitute violations of the FDCPA, 15 U.S.C. § 1692 et seq. including but not limited to:

 a. Violations of § 1692e by using false, deceptive or misleading representations or means in connection with the collection of a debt.
 b. Violations of § 1692e(2) falsely representing the character, amount, or legal status of any debt.
 c. Violations of § 1692e(5) by threatening to take any action that cannot legally be taken or is not intended to be taken.
 d. Violations of § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
 e. Violations of § 1692f by the use of any unfair or unconscionable means to collect or attempt to collect any debt.
 f. Violations of § 1692f(6) by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if when (A) there was no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there was no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.
 g. Violations of § 1692g by the failure to adequately disclose the right of verification.

    h. Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person in connection with collection of a debt. Each of the defendants' actions taken as a whole, as described in this lawsuit, was harassing, oppressive, and abusive.

49. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

### Damages

50. As a direct and proximate result of all acts, omissions, and consequences thereof, Plaintiff has sustained statutory damages.

51. Plaintiff has further suffered actual damages including pecuniary loss, risk or actual damage to credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms she would have been able to obtain had the defendant not so acted. Plaintiff has abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or were denied credit. She fears the loss of her residence through foreclosure. She suffered emotional distress, including but not limited to anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, irritability, inability to concentrate, loss of sleep, nightmares, daily worry, headaches, and malaise.

## FIRST CAUSE OF ACTION
## (Violation of the FDCPA)

52. Paragraphs 1-51 of this complaint are alleged in this cause of action.

53. This cause of action is asserted against Defendants Swedelson & Gottlieb, Brian Moreno and DOES 1-10.

54. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to each and every one of the above-cited of the FDCPA, 15 U.S.C. § 1692 et seq.

55. The violations are among the defendants' practices towards numerous consumers, such as Plaintiff, for which the defendants are motivated by enhanced collection revenues.

56. Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every FDCPA violation described in this complaint under 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
## (Violation of the California Rosenthal Act)

57. Paragraphs 1-51 of this complaint are alleged in this cause of action.

58. This cause of action is asserted Defendants CPEHA, Swedelson & Gottlieb, Brian Moreno and DOES 1-10.

59. The foregoing acts and omissions constitute violations of the California Rosenthal Act, Cal. Civ. Code § 1788 et seq.

60. The violations are among the defendants' practices towards numerous consumers, such as Plaintiff, for which the defendants are motivated by enhanced collection revenues.

61. Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every violation described in this complaint under Cal. Civ. Code § 1788.30.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays for judgment against the defendants as follows:

AS TO THE FIRST CAUSE OF ACTION against Swedelson & Gottlieb, Brian Moreno and DOES 1-10:

    1. Actual damages according to proof;
    2. Statutory damages of no less than $1,000 for each violation;
    3. Reasonable attorney fees;
    4. Costs of suit; and
    5. For such further relief as the court may deem just and equitable.

AS TO THE SECOND CAUSE OF ACTION against CPEHA, Swedelson & Gottlieb, Brian Moreno and DOES 1-10:

    1. Actual damages according to proof;
    2. Statutory damages of no less than $1,000 for each violation;
    3. Reasonable attorney fees;
    4. Costs of suit; and
    5. For such further relief as the court may deem just and equitable.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: June 10, 2020                               Law Office of Louis P. Dell

/s/ Louis P. Dell
Attorney for Plaintiff,
BRENDA DICKSON

- 15 –